IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
DUKHAN MUMIN #K72971, )
                                 )
            Petitioner,           )
                                 )
      v.                          )    No. 06 C 5790
                                 )
JOHN CHAMBERS,                   )
                                 )
            Respondent.           )

## MEMORANDUM ORDER

This 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") by Dukhan Mumin ("Mumin") was originally filed in the United States District Court for the Central District of Illinois and was transferred by the Honorable Michael Mihm to this District Court, where it was then assigned to this Court's calendar. Mumin has accompanied the Petition with an Application To Proceed In Forma Pauperis ("Application") and a Motion for Appointment of Counsel ("Motion").

For the reasons stated in this memorandum order, the Application is denied, the Motion is entered and continued and the Attorney General of the State of Illinois is ordered to provide the supplemental information referred to here. In that last respect, see Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

To begin with, it seems likely that Mumin is unaware that the only filing fee required to be paid in conjunction with a Section 2254 Petition is the modest sum of $5. Although Mumin's trust fund account at Danville Correctional Center ("Danville," where he is serving his six-year prison term) currently has a zero balance, the printout from Danville that reflects all transactions in his account there shows that he regularly earns a small amount from his prison job and that deposits are also periodically made by third parties on his behalf. Accordingly the Application is denied, and Mumin is ordered to pay the $5 filing fee as soon as the balance in his trust fund account is sufficient to do so--for that purpose a copy of this memorandum order is being sent to the officials at Danville with the request that they transmit the payment on Mumin's behalf at the earlier possible time (clearly identifying Mumin's name and the 06 C 5790 case number assigned to this action) to:

> Clerk, United States District Court
> 219 South Dearborn Street - 20th Floor
> Chicago IL 60604

> Attention : Fiscal Department

As for Mumin's substantive claim, there appears to be good reason to question whether the Petition has been timely filed within the limitations period prescribed by Section 2244(d). Because some further information is required in that regard, and because the Attorney General's Office is in the best position to

2

provide that information, some elaboration is called for here.

According to Petition ¶2, Mumin was convicted of forgery in the state court in DuPage County on March 29, 1999 on a plea of guilty to that charge (in the last respect, see Petition ¶5(B)). Although Mumin then states in response to the Petition ¶8 question that he did not take an appeal, that is untrue: This Court has obtained from the Illinois Appellate Court for the Second District a copy of its April 18, 2000 summary order ("Order I") in its Case No. 2-99-563, reflecting that the State Appellate Defender appointed to represent Mumin during his direct appeal had proceeded in accordance with Anders v. California, 386 U.S. 738 (1967) and the corresponding Illinois precedent in People v. Jones, 38 Ill.2d 384 (1967), following which Mumin himself had failed to exercise his opportunity to respond to the Appellate Defender's motion for leave to withdraw. After reviewing that background and the assertions advanced by Mumin, Order I (1) held that no meritorious issue existed to support an appeal, (2) granted counsel's motion to withdraw and (3) affirmed the judgment and sentence of the Circuit Court of DuPage County.

Equally relevant to the inquiry into timeliness of the current Petition is the second summary order that this Court has obtained from the same Illinois Appellate Court, this one entered on October 18, 2000 in Case No. 2-99-1011 ("Order II"), which affirmed the dismissal of Mumin's pro se petition for post-

conviction relief. That post-conviction effort appears to be the proceeding to which Mumin refers in his responses to Petition ¶¶9(A) and 10(A), even though his response to Petition ¶10(A)(6) confusingly says "pending in appellate court."

What the Petition fails to describe adequately, however, is what Mumin refers to as a state court habeas proceeding, apparently filed separately and apart from his just-described post-conviction effort. Petition ¶9(C) states that he did file such a proceeding, while Petition ¶10(B) shows that as having been filed in the Illinois Supreme Court, which he says denied that Petition in November 2005.

But what Mumin has not provided at all are the particulars as to the time of that filing and as to how he can bridge the wide time gap between the fall of 2000 and the reported November 2005 final disposition of his state habeas proceeding.[2] Section 2244(d)(1) gives Mumin only a year to have brought a federal habeas petition after the completion of direct review or the expiration of time seeking review of his conviction (based on

---

[2] Petition ¶10(C) also refers to another proceeding (described by Mumin as a "1401 Petition") brought in the DuPage County Circuit Court and dismissed in January 2006. It is unclear just how that might enter into the timeliness determination, although that may not have to be addressed if--as appears likely--Mumin's time to bring federal habeas proceedings had run out before that other proceeding was instituted. If the Attorney General's Office can readily provide relevant information as to that matter at the same time as the information referred to hereafter in the text, fine--but if not, the provision of the latter information should not be delayed.

4

what has been stated earlier, that year would have run out back in 2001). Section 2244(d)(2) tolls the running of that one-year period only during the time that "a properly filed application for State post-conviction or other collateral review" was pending, and it certainly seems likely that the statutory tolling period could not cover the several years' hiatus suggested here.

Accordingly the Illinois Attorney General is ordered to submit, on or before November 23, 2006, the timing information as to Mumin's direct appeal and his post-conviction proceeding that will enable this Court to ascertain whether or not he is out of court on grounds of untimeliness. Depending on what that information reveals, it may or may not prove necessary to look to the substance of Mumin's current claims.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 6, 2006